Springer, C. L,
dissenting:
I would affirm the district court’s judgment.
The murder was committed in January of 1974. LaPena was convicted in 1977. almost twenty-two years ago. As stated in the majority opinion, the murder was actually committed by a man named Weakland, who “struck a deal with the State wherein he agreed to testify that . . . LaPena had hired him” to commit the murder.
LaPena’s conviction was reversed because the State improperly concealed information about a leniency deal that it had offered Weakland, who, to say the least, is a notorious perjurer and murderer, well known to this court and to prosecuting officials.
LaPena’s 1977 conviction, in addition to being grounded on the testimony of a perjurer, is subject to so many questions and weaknesses that it would be burdensome to recount them in this dissenting opinion. If this were a relatively clear case, involving a murderer who had killed someone twenty-five years ago, I might look differently at what effect such a long delay has in judging whether it would be just and proper to go ahead now with such a prosecution. The present case is certainly not a clear or straightforward case. A reading of the majority opinion should convince most readers that the district court was right in dismissing this case and not permitting it to go on for a number of additional, agonizing years.
The district court conducted hearings on LaPena’s post-conviction proceedings and hearings. The district court took evidence and made certain findings of fact that I do not think should be violated by this court. I see no reason to intrude into the district court’s discretion or to set aside the district court’s dismissing the charges against LaPena. I dissent from this court’s overruling of the district court’s proper ruling in this case.